1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Angel Valdez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-681-TUC-FRZ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Jose Angel Valdez has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before this Court are the Petition (Doc. 1) and Respondents' Answer (Doc. 13). Petitioner did not file a reply. The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The grand jury indicted Petitioner for sexual conduct with a minor under 15 and two counts of molestation of a child under 15. (Doc. 13, Ex. A, Doc. 2.) Subsequently, the State filed an Allegation of Dangerous Crimes Against Children alleging that Count 1, sexual conduct with a minor, involved a child 12 years of age or younger. (*Id.*, Doc. 29.) Petitioner was convicted on all 3 charges. (*Id.*, Doc. 92 .) The jury found, as to Count 1, that the victim was under 12. (*Id.*) Petitioner was sentenced to a mandatory 35 years to life for the sexual conduct charge (dangerous nature) and to ten-year terms for the molestation charges, concurrent with each other but consecutive to the 35-year term. (Doc. 13, Ex. A, Doc. 111.)

1    Petitioner challenged only his sentence on appeal and the Arizona Court of Appeals affirmed.

2    (Doc. 13, Ex. M.) The Arizona Supreme Court denied review. (*Id.*, Ex. O.)

3        Petitioner filed a Notice of Post-conviction Relief (PCR). (Doc. 13, Ex. P.) The court

4    appointed Petitioner's appellate attorney to represent him for the PCR proceeding. (*Id.*, Ex.

5    Q.) Counsel filed notice that he could not find any colorable PCR claims. (*Id.*, Ex. R.)

6    Petitioner was granted the right to, and did, file a pro se PCR petition. (*Id.*, Ex. X.) The Court

7    dismissed the petition, denying the ineffective assistance of counsel (IAC) claims on their

8    merits and finding the remaining claims precluded. (*Id.*, Ex. Z.) The Arizona Court of

9    Appeals granted Petitioner's petition for review but denied relief. (Doc. 13, Exs. BB, CC.)

10                                      **DISCUSSION**

11       Petitioner raises four multi-part claims. Respondents concede that the petition is

12   timely (Doc. 13 at 17), however, they contend that Claims 1, 3 and 4 are procedurally

13   defaulted. The Court first evaluates these claims for exhaustion and then evaluates the

14   properly exhausted claims on the merits.

15           **PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT**

16       A writ of habeas corpus may not be granted unless it appears that a petitioner has

17   exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v.*

18   *Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly

19   present" the operative facts and the federal legal theory of his claims to the state's highest

20   court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848

21   (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78

22   (1971). Exhaustion requires that a petitioner clearly alert the state court that he is alleging a

23   specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir.

24   2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process

25   not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-

26   70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency

27   of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked

28

specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or

1   shows that a fundamental miscarriage of justice would result if the claim were not heard on

2   the merits in federal court. *Coleman*, 501 U.S. at 750.

3   **PROCEDURAL DEFAULT ANALYSIS**

4   <u>Claim 1</u>

5       Petitioner alleges that (a) his Sixth Amendment rights were violated by the State

6   failing to give notice that he was charged with sexual conduct with a minor under the age of

7   12, because the indictment charged him with sexual conduct with a minor under the age of

8   15; (b) (i) trial and (ii) appellate counsel provided ineffective assistance based on their failure

9   to research and raise issue 1(a); and (c) (i) his Sixth Amendment right to compel witnesses

10  was violated when his son was denied the right to testify, and (ii) trial counsel was

11  ineffective in allowing this to happen.[1]

12      Petitioner did not raise these claims on direct appeal or in his PCR petition. (Doc. 13,

13  Exs. H, X.) He acknowledged this fact in his petition to this Court. (Doc. 1 at 6.) Therefore,

14  he failed to fairly present these claims in state court. If Petitioner were to return to state court

15  now to litigate Claims 1(a), 1(b)(i), and 1(c) they would be found waived and untimely under

16  Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not

17  fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). These claims

18  are technically exhausted but procedurally defaulted.

19      Claim 1(b)(ii) alleging ineffectiveness of appellate counsel possibly could still be

20  raised in state court. Petitioner was represented by the same counsel on appeal and in his first

21  PCR proceeding and it would have been improper for that counsel to allege his own

22  ineffectiveness. *State v. Bennett*, 146 P.3d 63, 67, 213 Ariz. 562, 566 (2006). Therefore, it

23  is not clear that this claim would be precluded if raised in a subsequent PCR petition. *Id.*

24  Because this claim is without merit, the Court addresses and dismisses it below. *See* 28

25  U.S.C. § 2254(b)(2).

26

27      [1]   Respondents summarize Claim 1(c) differently than the Court, and they did not

28  include in their summary the IAC portion of the claim, labeled by the Court as Claim 1(c)(ii).

1    **Claim 3**

2        Petitioner alleges that his Fifth Amendment rights were violated because (a) he was

3    made to stand trial for, and convicted of, a charge not contained in the indictment, and (b) the

4    State broadened the dates of the offenses in the indictment by amendment. He also alleges

5    (c) that the State violated the Fifth Amendment prohibition against double jeopardy by

6    charging him in Counts 1 and 2 for the same conduct because Count 2 was a lesser-included

7    offense of Count 1.[2]

8        Petitioner represents that he raised this claim to the Arizona Court of Appeals but then

9    indicates it was not presented in entirety. (Doc. 1 at 14.) Review of his opening appellate

10   brief and PCR petition reveals that he did not fairly present any portion of this claim in state

11   court. (Doc. 13, Exs. H, X.) If Petitioner were to return to state court now to litigate this

12   claim, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the

13   Arizona Rules of Criminal Procedure because it does not fall within an exception to

14   preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but

15   procedurally defaulted.

16   **Claim 4**

17       Petitioner alleges that he did not receive a fair trial in violation of his Fourteenth

18   Amendment right to due process, based on the grounds alleged in Claims 1 through 3.

19   Petitioner did not fairly present this catch-all claim in state court either on appeal or in a PCR

20   proceeding (Doc. 13, Exs. H, X), a fact which he acknowledges in his petition (Doc. 1 at 17).

21       If Petitioner were to return to state court now to litigate this claim, it would be found

22   waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal

23   Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P.

24   32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted.

25

26

27       [2]    The Court and the Respondents' summary of the subparts of Claim 3 are slightly

28   different.

1

**Cause and Prejudice**

2   Claims 1(a), 1(b)(i) and (ii), 3 and 4 are procedurally defaulted and subject to

3   dismissal absent a ground to overcome the default. In the petition, Petitioner asserts that his

4   failure to properly raise Claims 1, 3 and 4 was due to the ineffective assistance of counsel.

5   He further alleges that if these claims had been properly raised the result of the proceedings

6   would have been different. He did not file a reply brief, responding to Respondents'

7   procedural default arguments; however, the Court addresses cause and prejudice to the extent

8   raised in the petition.

9   Claims 1(a), 1(c)(i), 3 and 4 are record-based claims that should have been raised, if

10   at all, on direct appeal. Therefore, to the extent these claims were viable, it is appellate

11   counsel that should have raised them in state court. Ineffective assistance of appellate counsel

12   that violates the Sixth Amendment can serve as cause for a petitioner's failure to properly

13   exhaust claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, before

14   ineffectiveness of appellate counsel may be used to establish cause for a procedural default,

15   it must be presented to the state court as an independent claim. *Id.* at 489. Petitioner did not

16   allege in his PCR petition that his appellate counsel was ineffective for failing to raise any

17   claims. (Doc. 13, Ex. X.) However, because he was represented by the same counsel on

18   appeal and in his first PCR proceeding, it would have been improper for that counsel to

19   allege his own ineffectiveness. *See Bennett*, 146 P.3d at 67, 213 Ariz. at 566. Therefore, it

20   is not clear that this claim would be precluded if raised in a subsequent PCR petition. *Id.*

21   Because this could operate as cause if exhausted, the Court will assess the merits of Claims

22   1(a), 1(c)(i), 3 and 4 to determine if Petitioner was prejudiced by counsel's failure to raise

23   them on appeal.

24   Claims 1(b)(i) and 1(c)(ii), alleging ineffective assistance of trial counsel should have

25   been raised, if at all, in Petitioner's PCR proceeding. There is no constitutional right to PCR

26   counsel, thus, the Sixth Amendment is not implicated when counsel is ineffective in such a

27   proceeding. However, because a PCR proceeding is the first time in Arizona that IAC at trial

28   may be raised, the Supreme Court holds that if PCR counsel is ineffective pursuant to the

1  standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise a trial IAC

2  claim, that may constitute cause to excuse a default of that claim. *Martinez v. Ryan*, 132 S.Ct.

3  1309, 1315 (2012). Subsequent to the State filing its brief in this case, the Ninth Circuit

4  concluded that an allegation that PCR counsel was ineffective, as cause to excuse the default

5  of an IAC at trial claim, does not have to be exhausted. *Dickens v. Ryan*, 688 F.3d 1054,

6  1072 (9th Cir. 2012). Thus, PCR counsel's failure to raise Claims 1(b)(i) and 1(c)(ii) could

7  operate as cause to excuse the defaults. Therefore, the Court will assess the merits of Claims

8  1(b)(i) and 1(c)(ii) to determine if Petitioner was prejudiced by counsel not raising them.

9      <u>Claims 1(a) and 1(b)(i)</u>

10      Petitioner alleges that (a) his Sixth Amendment rights were violated by the State

11  failing to give notice that he was charged with sexual conduct with a minor 12 or under, and

12  (b) (i) trial counsel provided ineffective assistance based on his failure to research and raise

13  issue 1(a). More specifically, Petitioner alleges that he was charged in the indictment with

14  sexual conduct with a minor under 15 (not a minor 12 or under) but convicted and sentenced

15  based on sexual conduct with a minor 12 or under. A charge of sexual conduct with a minor

16  12 years of age or younger carries a mandatory sentence of 35 years to life, while sexual

17  conduct with a minor under the age of 15 (but not 12 or under) carries a presumptive

18  sentence of 20 years. A.R.S. § 13-705.

19      The Court looks first at Claim 1(a). Petitioner's allegations are without merit because

20  he had notice of the State's intent to prove to the jury that he engaged in sexual conduct with

21  a child 12 or under. On September 2, 2005, the grand jury returned an indictment charging

22  Petitioner, in Count 1, with sexual conduct with a minor under 15, a class two felony, a

23  dangerous crime against children. (Doc. 13, Ex. A, Doc. 2.) The indictment cites, among

24  other statutes, A.R.S. § 13-604.01 (which is now found at A.R.S. § 13-705). On January 3,

25  2006, the State filed an Allegation of Dangerous Crimes Against Children, citing A.R.S.

26  § 13-604.01(A) and alleging that Count 1 was a dangerous crime against a child 12 years of

27  age or younger. (Doc. 13, Ex. A, Doc. 29.) Petitioner was tried on the three counts in the

28  amended indictment, and a mistrial was declared on April 3, 2006, when the jury could not

1    reach a verdict on any counts. (*Id.*, Doc. 61.) The verdict forms presented to that jury asked

2    the jury to decide, if it found Petitioner guilty on Count 1, whether the victim was under the

3    age of 12. (*Id.*, Doc. 50.) When Petitioner was re-tried in August 2006, and found guilty on

4    all three charges, the verdict form asked the same question as to Count 1, whether the victim

5    was under the age of 12. (*Id.*, Doc. 92.) These documents make clear that Petitioner and his

6    counsel had notice long before his second trial commenced in August 2006, that the State

7    intended to prove that the victim was 12 years of age or younger. Petitioner's claim fails

8    because the record demonstrates that he had notice the State would be trying to prove, as to

9    Count 1, that the victim was 12 or younger.[3] Because the factual premise of Claim 1(a) fails,

10   Petitioner was not prejudiced by counsel's failure to raise this claim on appeal.

11          Claim1(b)(i) fails because trial counsel was not ineffective for failing to raise Claim

12   1(a), which is without merit. To establish ineffective assistance of counsel, a defendant first

13   must demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so

14   serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth

15   Amendment. *Strickland*, 466 U.S. at 687. Second, a defendant must show that the mistakes

16   made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability

17   that, but for [the] unprofessional errors, the result of the proceeding would have been

18   different." *Id.* at 694. A court need not address both prongs of an ineffectiveness claim, if it

19   is easier to dispose of it solely by assessing prejudice, the court is free to do so. *Id.* at 697.

20   Petitioner's IAC claim fails because there is not a reasonable probability that Claim 1(a)

21   would have succeeded if trial counsel had raised it because Petitioner had notice of the

22   charges on which he was tried.

23

24

25        [3]    To the extent Petitioner argues that providing notice other than by way of grand jury

26   indictment violated his constitutional rights, his claim fails on legal grounds. The Fifth

27   Amendment requirement of indictment by a grand jury has not been incorporated against the

     states. *See Hurtado v. People of State of Cal.*, 110 U.S. 516, 538 (1884); *Branzburg v. Hayes*,

28   408 U.S. 665, 688 n.25 (1972).

1    In light of this analysis, Petitioner has not demonstrated actual prejudice arising from
2    the procedural default of Claims 1(a) and 1(b)(i). Therefore, they are procedurally defaulted
3    and subject to dismissal on that ground. Alternatively, regardless of exhaustion they are
4    meritless and may be dismissed on that basis. *See* 28 U.S.C. § 2254(b)(2).

5    Claims 1(c)(i) and (ii)

6    In Claim 1(c) Petitioner alleges that (i) his Sixth Amendment right to compel
7    witnesses was violated when his son was denied the right to testify, and (ii) trial counsel was
8    ineffective in allowing this to happen.

9    The record contains a motion from the prosecutor to preclude Petitioner's son from
10   testifying at the first trial. (Doc. 13, Ex. A, Doc. 49.) The court granted the motion on the
11   morning of the fourth day of trial; however, later that day the court reversed its decision and
12   ruled that the defense could call him to testify or show the videotape of his statement. (*Id.*,
13   Doc. 48 at 1-2.) The minute entry further reflects that the videotape was shown to the jury.
14   (*Id.* at 3.) At Petitioner's second trial, his son was called as a witness and testified. (Doc. 13,
15   Ex. E at 74-77.) Petitioner does not allege anything specific as to which his son was
16   precluded from testifying and there is nothing in the record indicating his testimony was
17   limited.

18   Because Petitioner's son testified at trial and he has not asserted that counsel failed
19   to elicit specific testimony, there is no factual basis for these claims. Thus, Petitioner has not
20   demonstrated actual prejudice arising from the default of Claims 1(c)(i) and (ii). Therefore,
21   they are procedurally defaulted and subject to dismissal on that ground. Alternatively,
22   regardless of exhaustion they are meritless and may be dismissed on that basis. *See* 28 U.S.C.
23   § 2254(b)(2).

24   Claim 3

25   Petitioner first argues, in Claims 3(a) and (b), that his right to due process was violated
26   because he was convicted of a charge, and offenses occurring on certain dates, that was not
27   contained in the indictment presented to the grand jury. These claims fail on legal grounds
28   because the Fifth Amendment requirement of indictment by a grand jury has not been

1   incorporated against the states. *See Hurtado v. People of State of Cal.*, 110 U.S. 516, 538
2   (1884); *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972).

3       Next, Petitioner alleges in Claim 3(c) that the State violated the Fifth Amendment
4   prohibition on double jeopardy by charging him in Count 2 with a lesser-included offense
5   of Count 1. In Count 1, Petitioner was charged with sexual conduct with a minor, which was
6   based on Valdez performing oral sex on the victim. Valdez argues that he necessarily touched
7   the victim's genitals while committing Count 1, and that touching was the factual basis for
8   the molestation charge of Count 2. This claim fails because it is factually erroneous.

9       Petitioner is correct that Count 1 was based on him performing oral sex on the minor
10  victim. The victim testified that this occurred after they watched a movie and Valdez was
11  driving the victim home. (Doc. 13, Ex. C at 109-16.) The victim testified that Petitioner
12  stopped in a dark location and had the victim stand on the bumper of his van with his pants
13  down. (*Id.* at 111-12.)  In contrast, the victim testified that the child molestation allegations
14  of Count 2 occurred earlier in the evening when Petitioner was driving him back from the
15  store. (*Id.* at 98.) While in the van, Petitioner touched the victim's testicles with his hand
16  underneath his clothing. (*Id.* at 98-100.) Because the factual basis of each charge is distinct
17  there is no basis for Petitioner's allegation that Count 2 was a lesser included offense of
18  Count 1.

19      Because Claim 3 is without merit, Petitioner was not prejudiced by counsel not raising
20  this claim on appeal. Therefore, the claim is procedurally defaulted and subject to dismissal
21  on that ground. Alternatively, regardless of exhaustion it is meritless and may be dismissed
22  on that basis. *See* 28 U.S.C. § 2254(b)(2).

23      Claim 4

24      In Claim 4, Petitioner argues that his right to due process was violated by the
25  allegations set forth in Claims 1 through 3. In this Order the Court assesses the merits of
26  Claims 1 through 3. The Court determined that Petitioner is not entitled to relief based on the
27  record and the allegations in his Petition. Thus, a claim of cumulative error based on the
28  these claims would fail and Petitioner was not prejudiced by appellate counsel not raising this

1   claim. Claim 4 is procedurally defaulted and subject to dismissal on that ground.

2   Alternatively, regardless of exhaustion it is meritless and may be dismissed on that basis. *See*

3   28 U.S.C. § 2254(b)(2).

4       Conclusion

5       Petitioner fails to demonstrate prejudice arising from the default of Claims 1(a),

6   1(b)(i), 1(c)(i) and (ii), 3 or 4. Therefore, they are procedurally defaulted and subject to

7   dismissal. Alternatively, these claims are meritless and may be dismissed on that basis.

8       **Miscarriage of Justice**

9       Petitioner did not allege in the Petition that there will be a miscarriage of justice if his

10  defaulted claims are not addressed on the merits, and he did not file a reply brief where he

11  would have been more likely to raise such an argument. To demonstrate a fundamental

12  miscarriage of justice based on factual innocence, a petitioner must show that "a

13  constitutional violation has probably resulted in the conviction of one who is actually

14  innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To establish the requisite probability,

15  the petitioner must demonstrate with new reliable evidence that "it is more likely than not

16  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*.

17  at 324, 327. Nowhere in the Petition has Valdez presented new evidence or argued that he

18  is actually innocent. Therefore, there are no grounds on which the Court could find a

19  miscarriage of justice.

20      **MERITS**

21      **Legal Standard for Relief Under the AEDPA**

22      The AEDPA established a "substantially higher threshold for habeas relief" with the

23  "acknowledged purpose of 'reducing delays in the execution of state and federal criminal

24  sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v.

25  Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for

26  evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of

27  the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v.

28  Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to'

- 12 -

1  clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.

2  2004).

3        Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court

4  may grant relief where a state court "identifies the correct governing legal rule from [the

5  Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or

6  "unreasonably extends a legal principle from [Supreme Court] precedent to a new context

7  where it should not apply or unreasonably refuses to extend that principle to a new context

8  where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's

9  application of Supreme Court precedent "unreasonable," the petitioner must show that the

10  state court's decision was not merely incorrect or erroneous, but "objectively unreasonable."

11  *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

12  **Claim 1(b)(ii)**

13        Claim 1(b)(ii) alleges that appellate counsel provided ineffective assistance by failing

14  to research and raise the issue that Petitioner did not receive sufficient notice of the charge

15  against him, specifically, that he was convicted of sexual conduct with a minor 12 or under

16  (not a minor under 15 as charged in the indictment).

17        Valdez had a Sixth Amendment right to effective assistance of appellate counsel. *See*

18  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish IAC, Petitioner must show that his

19  counsel's performance was deficient and that the deficient performance caused him

20  prejudice. *Strickland*, 466 U.S. at 687. To establish prejudice, a petitioner must show that

21  there is a "reasonable probability" that, absent counsel's errors, the result of the appeal would

22  have been different. *Id.* at 694. Thus, the Court assesses whether, if Claim 1(b)(ii) had been

23  raised on appeal, there is a reasonable probability it would have been successful.

24        As thoroughly addressed above when discussing the default of Claims 1(a) and 1(b)(i),

25  Petitioner received notice well before trial that the State would be presenting evidence that

26  he committed sexual conduct with a minor 12 or under. Therefore, counsel was not

27  ineffective for challenging lack of notice on appeal and Petitioner was not prejudiced by the

28  omission. Claim 1(b)(ii) is without merit.

**Claim 2**

Petitioner alleges that his sentence on Count 1 constitutes cruel and unusual punishment in violation of the Eighth Amendment.[4] Petitioner was sentenced to 35 years to life on Count 1, sexual conduct with a minor under 15, which was noticed as a dangerous crime against children involving a minor twelve or under. The Arizona Court of Appeals denied this claim finding that the sentence did not violate the Eighth Amendment because it was not grossly disproportionate to the crime. (Doc. 13, Ex. M at 8-12.) The appellate court found several facts particular to the circumstances of the crime in Count 1:

> Valdez was sentenced to a mandatory life sentence for performing oral sex on an eleven-year-old boy . . . . In committing these crimes, Valdez violated L.'s trust and the trust of L.'s family and engaged in extraordinary premeditated, predatory, and manipulative behavior that exploited the boy's youthful naivete. The ultimate act for which Valdez was sentenced to life imprisonment was protracted – oral sex with L. for seven to ten minutes – and involved securing the victim's assistance by having the boy act as a lookout during the sex act.

(*Id.* at 4.)

Petitioner argues that his sentence violates the Eighth Amendment because it was mandated by statute and is disproportionate to the crime. Petitioner is not entitled to relief on either portion of this claim. First, the Supreme Court has concluded that individualized sentencing is not constitutionally required in non-capital cases, rejecting the argument that a sentence (other than death) is cruel and unusual solely because it is mandatory. *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991).

Second, the Arizona Court of Appeals' rejection of Petitioner's proportionality claim was not objectively unreasonable. The Supreme Court's jurisprudence in the area of proportionality is somewhat opaque, but it is clearly established that a sentence that is grossly disproportionate to the crime for which it is imposed violates the Eighth Amendment.

---

[4]  Within this claim Petitioner again mentions the alleged lack of notice as to the charge for Count 1, which the Court has addressed and found meritless in its discussion of Claim 1(b). In their Answer, Respondents address not only Count 1 but also Petitioner's sentences on Counts 2 and 3. Because Petitioner challenged only his sentence on Count 1 in his federal petition, the Court limits its discussion to that count.

1    *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Although the Court has not clearly defined the

2    parameters of this principle, it will be met only in the extraordinary case. *Id.* at 73, 77. The

3    Arizona appellate court cited the clearly established law from the Supreme Court, setting

4    forth the grossly disproportionate standard, and nothing in their opinion is contrary to the

5    governing law. (Doc. 13, Ex. M at 8-12.)

6         Next, the Court assesses whether the state court opinion was an unreasonable

7    application of the clearly established law. *See Andrade*, 538 U.S. at 71. "[T]he governing

8    legal principle gives legislatures broad discretion to fashion a sentence that fits within the

9    scope of the proportionality principle - the 'precise contours' of which 'are unclear.'" *Id.*

10   (quoting *Harmelin*, 501 U.S. at 998). The first step in an Eighth Amendment challenge is to

11   make a "threshold comparison of the crime committed and the sentence imposed." *Harmelin*,

12   501 U.S. at 1005 (Kennedy, J., concurring).

13        Valdez's 35 year to life sentence is not grossly disproportionate to the gravity of his

14   offense – preying upon an 11-year-old child in order to engage in extended oral sexual

15   contact him. The Supreme Court has found no gross disparity for less serious crimes with

16   lengthy sentences: life imprisonment with the possibility of parole for third felony of

17   obtaining $120.75 by false pretenses (priors for a $28.36 forged check and $80 of credit card

18   fraud), *Rummel v. Estelle*, 445 U.S. 263 (1980); 40 years for possession of nine ounces of

19   marijuana and drug paraphernalia, *Hutto v. Davis*, 454 U.S. 370 (1983); life imprisonment

20   without possibility of parole for possession of 672 grams of cocaine, *Harmelin*, 501 U.S.

21   957; 25 years to life for third felony, grand theft of approximately $1200 (priors for three

22   burglaries and one robbery), *Ewing v. California*, 538 U.S. 11 (2003); and consecutive

23   sentences of 25 years to life for two petty thefts under $100 each, treated as felonies due to

24   prior conviction (recidivist priors for three burglaries), *Andrade*, 538 U.S. 63. The Supreme

25   Court has found an Eighth Amendment violation based on proportionality in two instances:

26   15 years imprisonment, chained at the ankle and wrist, hard and painful labor, and restriction

27   on civil rights for life, for falsifying a document, *Weems v. United States*, 217 U.S. 349

28

1 (1910); and a life sentence without possibility of parole for a "no account" check for $100

2 (with six priors for nonviolent minor felonies), *Solem v. Helm*, 463 U.S. 277 (1983).

3       Comparison of Valdez's crime and sentence with these cases undermines his

4 argument. The only cases the Supreme Court found to be grossly disproportionate involved

5 life without possibility of parole for a minor non-violent crime, *Solem*, and a sentence that

6 went beyond imprisonment to include painful labor and lifelong impairment of rights for a

7 minor offense, *Weems*. Petitioner's sentence is not comparable to those circumstances.

8 Further, the Court upheld a sentence of life without parole for possession of a large volume

9 of cocaine because, in part, it threatened serious harm to society. *Harmelin*, 501 U.S. 1002

10 (Kennedy, J., concurring). Valdez's crime in this case is as serious or worse than the crime

11 committed in *Harmelin*. *See United States v. Farley*, 607 F.3d 1294, 1344-45 (11th Cir.

12 2010) (upholding a mandatory minimum 30 year sentence for crossing a state line with intent

13 to engage in a sexual act with an eleven-year-old (the act was not completed) and finding the

14 crime "as bad or worse" than Harmelin's drug crime). The Supreme Court has acknowledged

15 that States have a compelling interest in safeguarding minors' well being and that the

16 "prevention of sexual exploitation and abuse of children constitutes a government objective

17 of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 757 (1982) (addressing

18 regulation of child pornography). Further, courts have noted repeatedly the severity of crimes

19 involving sexual abuse of children and the extensive harm they cause. *See Farley*, 607 F.3d

20 at 1345 (collecting cases). In light of the severity of the crime and the fact that Petitioner's

21 sentence allows for parole, his sentence is not grossly disproportionate to the crime he

22 committed. At a minimum, Valdez's case is not the extraordinary case that violates the

23 Eighth Amendment and the state court's rejection of this claim was not an objectively

24 unreasonable application of clearly established federal law. *See Andrade*, 538 U.S. at 77.

25 **CONCLUSION & RECOMMENDATION**

26       Claims 1(a), 1(b)(i), 1(c)(i) and (ii), 3 and 4 are procedurally defaulted and should be

27 dismissed on that basis. Alternatively, these claims are without merit. Claims 1(b)(ii) and 2

28 do not warrant relief under the AEDPA and should be dismissed on the merits. Based on the

1  foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING
2  the Petition for Writ of Habeas Corpus (Doc. 1).

3          Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
4  written objections within fourteen days of being served with a copy of the Report and
5  Recommendation. A party may respond to the other party's objections within fourteen days.
6  No reply brief shall be filed on objections unless leave is granted by the district court. If
7  objections are not timely filed, they may be deemed waived. Any objections filed should be
8  captioned with the following case number: **CV-11-681-TUC-FRZ**.

9          DATED this 28th day of March, 2013.

10
11
12
13
14                                                          D. Thomas Ferraro
15                                                   United States Magistrate Judge
16
17
18
19
20
21
22
23
24
25
26
27
28